UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

ALYSSA R. COONEY,     :
           :
   Plaintiff     :
           :  No. 4:10-CV-01936
   v.       :
           :  (Judge Nealon)
MICHAEL J. ASTRUE, COMMISSIONER :
OF SOCIAL SECURITY,   :
           :
   Defendant    :

**FILED**
**SCRANTON**

JUL 2 7 2011

PER _____

DEPUTY CLERK

**MEMORANDUM and ORDER**

   The above-captioned action is one seeking review of a decision of the Commissioner

of Social Security ("Commissioner") denying Plaintiff Alyssa R. Cooney's claim for social

security disability insurance benefits and supplemental security income benefits.  For the reasons

set forth below we will affirm the decision of the Commissioner.

   Disability insurance benefits are paid to an individual if that individual is disabled and

"insured," that is, the individual has worked long enough and paid social security taxes.  The last

date that a claimant meets the requirements of being insured is commonly referred to as the "date

last insured."  It is undisputed that Cooney met the insured status requirements of the Social

Security Act through December 31, 2007.  (Tr. 9, 11 and 162).[1]  In order to establish entitlement

to disability insurance benefits Cooney was required to establish that she suffered from a

disability on or before that date.  42 U.S.C. § 423(a)(1)(A), (c)(1)(B); 20 C.F.R.

§404.131(a)(2008); see Matullo v. Bowen, 926 F.2d 240, 244 (3d Cir. 1990).

   Supplemental security income is a federal income supplement program funded by general

tax revenues (not social security taxes).  It is designed to help aged, blind or other disabled

---

1. References to "Tr.___" are to pages of the administrative record filed by the Defendant as
part of his Answer on November 18, 2010.

individuals who have little or no income.  Insured status is irrelevant in determining a claimant's

eligibility for supplemental security income benefits.

Cooney was born in the United States on May 24, 1981.  (Tr. 115).  Cooney graduated

from high school and can read, write, speak and understand English.  (Tr. 80, 165 and 171).

Cooney has limited employment and earnings.  Records of the Social Security

Administration reveal that Cooney had employment and earnings as follows:

| Year | Earnings |
|------|----------|
| 1997 | $  166.41 |
| 1998 | 6140.55 |
| 1999 | 10720.76 |
| 2000 | 10318.85 |
| 2001 | 8516.45 |
| 2002 | 3612.97 |
| 2003 | 180.00 |
| 2004 | 651.00 |
| 2005 | 87.17 |
| 2006 | 0.00 |
| 2007 | 0.00 |
| 2008 | 0.00 |
| 2009 | 0.00 |

(Tr. 158).  Cooney's total earnings from 1997 through 2009 were $40,394.16.  (Tr. 158).

Cooney's past relevant employment[2] was as a cashier which was described as semiskilled, light

work, and as a greenhouse attendant which was described as unskilled, heavy work.[3]  (Tr. 80).

---

2.   Past relevant employment in the present case means work performed by Cooney during the
15 years prior to the date her claim for disability was adjudicated by the Commissioner.  20
C.F.R. §§ 404.1560 and 404.1565.

3.   The terms sedentary, light, medium and heavy work are defined in the Social Security
regulations as follows:

(a) *Sedentary work.* Sedentary work involves lifting no more than 10
pounds at a time and occasionally lifting or carrying articles like docket files,
ledgers, and small tools.  Although a sedentary job is defined as one which
involves sitting, a certain amount of walking and standing is often necessary in
carrying out job duties.  Jobs are sedentary if walking and standing are required
occasionally and other sedentary criteria are met.

(b) *Light work.*  Light work involves lifting no more than 20 pounds at a
(continued...)

Cooney claims that she became disabled on January 31, 2005,[4] because of neck pain, back pain, and reflex sympathetic dystrophy[5] of the right arm.  (Doc. 8, Plaintiff's Brief, p. 2).  Cooney also claims that she suffers from migraine headaches, blurry vision in her right eye and depression.  (Tr. 12).  Cooney has not performed any substantial gainful activity since January 31, 2005, the alleged disability onset date.  (Tr. 11).

No treating physician has provided a functional assessment of Cooney indicating that Cooney is unable to perform any type of work.  In fact there are two functional assessments in

---

3.   (...continued)
time with frequent lifting or carrying of objects weighing up to 10 pounds.  Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.  To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.  If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

(c) *Medium work.*  Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds.  If someone can do medium work, we determine that he or she can do sedentary and light work.

(d) *Heavy work.*  Heavy work involves lifting no more than 100 pounds at a time with frequent lifting or carrying of objects weighing up to 50 pounds.  If someone can do heavy work, we determine that he or she can also do medium, light, and sedentary work.

20 C.F.R. §§ 404.1567 and 416.967.

4.   Cooney was 23 years of age when she stopped working, and only 28 years of age at the time of the administrative law judge's hearing held on October 7, 2009.  Cooney is considered a "younger individual" whose age would not seriously impact her ability to adjust to other work. 20 C.F.R. §§ 404.1563(c) and 416.963(c).

5.   Reflex Sympathetic Dystrophy, also known as Complex Regional Pain Syndrome, is a condition causing pain after an injury to an extremity.  The pain is generally out of proportion to the severity of the injury and gets worse rather than better over time. The condition is not well understood.  See NINDS Complex Regional Pain Syndrome Information Page, National Institute of Neurological Disorders and Stroke, http://www.ninds.hih.gov/disorders/reflex_sympathetic_dystrophy/reflex_sympathetic_dystrophy.htm (Last accessed July 26, 2011).

3

the record stating that Cooney has the ability to engage in a limited range of light work.  On July

3, 2008, Toni Jo Parmelee, D.O., examined Cooney and completed a functional assessment

stating that Cooney can lift or carry up to 20 pounds frequently and 25 pounds occasionally.

Cooney has no limitations standing or walking and has no limitations sitting.  Cooney has

unspecified limitations pushing and pulling with the right upper extremity.  (Tr. 306).

According to Dr. Parmelee, Cooney has the ability to occasionally bend, kneel, stoop and crouch

but she can never balance or climb.  (Tr. 307).  Cooney also has some unspecified limitations

with regard to reaching, handling, fingering and feeling with the right hand.  Id.  Cooney has no

limitations seeing, hearing and speaking.  Id.

In August 2008, Theresa A. Pfleckl, M.D., a state agency physician, reviewed the medical

records and concluded that Cooney was capable of performing light work.  (Tr. 336-42).  Dr.

Pfleckl indicated that Cooney has limited ability to push and pull with the right upper extremity

and also limited ability to engage in manipulative activities with the right hand and reach

overhead with the right upper extremity.  (Tr. 337-338).  Dr. Pfleckl did not specify the degree of

limitation.  Id.

On February 4, 2008, Cooney protectively filed an application for disability insurance

benefits and an application for supplemental security income benefits.  (Tr. 9, 87-88 and 162).

On September 9, 2008, the Bureau of Disability Determination[6] denied Cooney's applications.

(Tr. 89-97).  On October 20, 2008, Cooney requested a hearing before an administrative law

judge.  (Tr. 100).  Approximately 12 months later, a hearing before an administrative law judge

was held on October 7, 2009.  (Tr. 61-85).  On October 23, 2009, the administrative law judge

---

6.    The Bureau of Disability Determination is an agency of the Commonwealth of
Pennsylvania which initially evaluates applications for disability insurance benefits and
supplemental security income benefits on behalf of the Social Security Administration.  (Tr. 89
and 94).

issued a decision denying Cooney's applications. (Tr. 9-21). On November 4, 2009, Cooney requested that the Appeals Council review the administrative law judge's decision and, after approximately 10 months, the Appeals Council, on August 23, 2010, concluded that there was no basis upon which to grant Cooney's request for review. (Tr. 1-5). Thus, the administrative law judge's decision stood as the final decision of the Commissioner.

On September 15, 2010, Cooney filed a complaint in this court requesting that we reverse the decision of the Commissioner denying her social security disability insurance and supplemental security income benefits. The Commissioner filed an answer to the complaint and a copy of the administrative record on November 18, 2010. Cooney filed her brief on December 27, 2010, and the Commissioner filed his brief on January 27, 2011. The appeal[7] became ripe for disposition on February 14, 2011, when Cooney elected not to file a reply brief.

When considering a social security appeal, we have plenary review of all legal issues decided by the Commissioner. See Poulos v. Commissioner of Social Security, 474 F.3d 88, 91 (3d Cir. 2007); Schaudeck v. Commissioner of Social Sec. Admin., 181 F.3d 429, 431 (3d Cir. 1999); Krysztoforski v. Chater, 55 F.3d 857, 858 (3d Cir. 1995). However, our review of the Commissioner's findings of fact pursuant to 42 U.S.C. § 405(g) is to determine whether those findings are supported by "substantial evidence." Id.; Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988); Mason v. Shalala, 994 F.2d 1058, 1064 (3d Cir. 1993). Factual findings which are supported by substantial evidence must be upheld. 42 U.S.C. §405(g); Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001)("Where the ALJ's findings of fact are supported by substantial evidence, we are bound by those findings, even if we would have decided the factual inquiry differently."); Cotter v. Harris, 642 F.2d 700, 704 (3d Cir. 1981)("Findings of fact by the

---

7 .    Under the Local Rules of Court "[a] civil action brought to review a decision of the Social Security Administration denying a claim for social security disability benefits" is "adjudicated as an appeal." M.D.Pa. Local Rule 83.40.1.

Secretary must be accepted as conclusive by a reviewing court if supported by substantial evidence."); Keefe v. Shalala, 71 F.3d 1060, 1062 (2d Cir. 1995); Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001); Martin v. Sullivan, 894 F.2d 1520, 1529 & 1529 n.11 (11th Cir. 1990).

Substantial evidence "does not mean a large or considerable amount of evidence, but 'rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Pierce v. Underwood, 487 U.S. 552, 565 (1988)(quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)); Johnson v. Commissioner of Social Security, 529 F.3d 198, 200 (3d Cir. 2008); Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999). Substantial evidence has been described as more than a mere scintilla of evidence but less than a preponderance. Brown, 845 F.2d at 1213. In an adequately developed factual record substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." Consolo v. Federal Maritime Commission, 383 U.S. 607, 620 (1966).

Substantial evidence exists only "in relationship to all the other evidence in the record," Cotter, 642 F.2d at 706, and "must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. N.L.R.B., 340 U.S. 474, 488 (1971). A single piece of evidence is not substantial evidence if the Commissioner ignores countervailing evidence or fails to resolve a conflict created by the evidence. Mason, 994 F.2d at 1064. The Commissioner must indicate which evidence was accepted, which evidence was rejected, and the reasons for rejecting certain evidence. Johnson, 529 F.3d at 203; Cotter, 642 F.2d at 706-707. Therefore, a court reviewing the decision of the Commissioner must scrutinize the record as a whole. Smith v. Califano, 637 F.2d 968, 970 (3d Cir. 1981); Dobrowolsky v. Califano, 606 F.2d 403, 407 (3d Cir. 1979).

6

To receive disability benefits, the plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 432(d)(1)(A). Furthermore,

> [a]n individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence (with respect to any individual), "work which exists in the national economy" means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

42 U.S.C. § 423(d)(2)(A).

The Commissioner utilizes a five-step process in evaluating disability insurance and supplemental security income claims. See 20 C.F.R. § 404.1520 and 20 C.F.R. § 416.920; Poulos, 474 F.3d at 91-92. This process requires the Commissioner to consider, in sequence, whether a claimant (1) is engaging in substantial gainful activity,[8] (2) has an impairment that is severe or a combination of impairments that is severe,[9] (3) has an impairment or combination of

---

8 .    If the claimant is engaging in substantial gainful activity, the claimant is not disabled and the sequential evaluation proceeds no further. Substantial gainful activity is work that "involves doing significant and productive physical or mental duties" and "is done (or intended) for pay or profit." 20 C.F.R. § 404.1510 and 20 C.F.R. § 416.910.

9 .    The determination of whether a claimant has any severe impairments, at step two of the sequential evaluation process, is a threshold test. 20 C.F.R. §§ 404.1520(c) and 416.920(c). If a claimant has no impairment or combination of impairments which significantly limits the claimant's physical or mental abilities to perform basic work activities, the claimant is "not disabled" and the evaluation process ends at step two. Id. If a claimant has any severe impairments, the evaluation process continues. 20 C.F.R. §§ 404.1520(d)-(g) and 416.920(d)-(g). Furthermore, all medically determinable impairments, severe and non-severe, are considered in the subsequent steps of the sequential evaluation process. 20 C.F.R. §§ 404.1523,

(continued...)

impairments that meets or equals the requirements of a listed impairment,[10] (4) has the residual functional capacity to return to his or her past work and (5) if not, whether he or she can perform other work in the national economy. Id. As part of step four the administrative law judge must determine the claimant's residual functional capacity. Id.[11]

Residual functional capacity is the individual's maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis. See Social Security Ruling 96-8p, 61 Fed. Reg. 34475 (July 2, 1996). A regular and continuing basis contemplates full-time employment and is defined as eight hours a day, five days per week or other similar schedule. The residual functional capacity assessment must include a discussion of the individual's abilities. Id.; 20 C.F.R. §§ 404.1545 and 416.945; Hartranft, 181 F.3d at 359 n.1 ("'Residual functional capacity' is defined as that which an individual is still able to do despite the limitations caused by his or her impairment(s).").

The administrative law judge at step one of the sequential evaluation process found that Cooney has not engaged in substantial gainful work activity since January 31, 2005, the alleged onset date. (Tr. 11).

---

9.   (...continued)
404.1545(a)(2), 416.923 and 416.945(a)(2). An impairment significantly limits a claimant's physical or mental abilities when its effect on the claimant to perform basic work activities is more than slight or minimal. Basic work activities include the ability to walk, stand, sit, lift, carry, push, pull, reach, climb, crawl, and handle. 20 C.F.R. § 404.1545(b). An individual's basic mental or non-exertional abilities include the ability to understand, carry out and remember simple instructions, and respond appropriately to supervision, coworkers and work pressures. 20 C.F.R. § 1545(c).

10.   If the claimant has an impairment or combination of impairments that meets or equals a listed impairment, the claimant is disabled. If the claimant does not have an impairment or combination of impairments that meets or equals a listed impairment, the sequential evaluation process proceeds to the next step.

11.   If the claimant has the residual functional capacity to do his or her past relevant work, the claimant is not disabled.

At step two of the sequential evaluation process, the administrative law judge found that Cooney has the following severe impairments: neck pain, back pain and reflex sympathetic dystrophy. (Tr. 11). The administrative law judge concluded that Cooney's migraine headaches and depression were non-severe impairments and that Cooney's alleged blurry vision in her right eye was not a medically determinable impairment. (Tr. 12).

At step three of the sequential evaluation process the administrative law judge found that Cooney's impairments did not individually or in combination meet or equal a listed impairment. (Tr. 14). The administrative law judge stated with respect to step 3 as follows:

> Although the undersigned finds that the claimant is afflicted with severe impairments, the salient facts and competent medical evidence in this case reveal that the claimant does not have an impairment, or combination of impairments, severe enough to meet or equal the requirements of any of the listed impairments. In order to make this determination, the undersigned has reviewed and examined the requirements of the listings, including, but not limited to sections 1.00, et seq., and 11.00, et seq., as well as the medical evidence. The claimant's representative specifically alleged that the claimant's impairment(s) medically equal listing 1.08, which pertains to soft tissue injury to an upper or lower extremity, trunk, or face and head, under continuing surgical management. The undersigned has specifically considered listing 1.08 in this analysis.
>
> The undersigned has concluded that the claimant is not presumptively disabled . . . because the evidence of record, including but [not] limited to records of physical examinations by the claimant's doctors and diagnostic testing and imaging, does not document the specific findings required for listing severity.

(Tr. 14).

At step four of the sequential evaluation process, the administrative law judge found that Cooney was unable to perform her prior relevant work but that Cooney had the residual functional capacity to perform a limited range of light work. (Tr. 14-19). Specifically, the administrative law judge found that Cooney could perform light work to the extent that

> [t]he claimant has the capacity to engage in upper extremity activities with respect to pushing or pulling up to a frequent basis. The claimant is able to operate foot controls on a frequent basis. The claimant can perform an occupation that requires climbing on ladders, scaffolds or ropes on an occasional or possibly less [than] occasional basis, or maybe only under emergent circumstances. The claimant has the ability to use ramps or stairs on at least an occasional basis. Since the claimant does not use a hand-held assistive device, she is able to engage in balancing and motility on an occasional basis. The claimant can perform an

9

occupation that involves stooping, crouching, kneeling or crawling, at best, occasionally. The claimant can engage in work that does not involve any continuous, unceasing rotation, extension, or flexion of the neck and work that does not involve the neck being in any fixed posture, such as looking into a microscope. The claimant has the capacity to continuously use her non-dominant left hand for manipulative activities and to use her dominant right hand on an occasional basis, at best, for all ranges of manipulative activity, including reaching, overhead reaching, grasping, fingering, feeling, etc. The claimant can work in an environment that allows her to avoid exposure to extreme cold or extreme heat. The claimant has an excellent capacity for either oral or written communication.

(Tr. 14-15).

At step five, the administrative law judge based on the above residual functional capacity and the testimony of a vocational expert found that Cooney had the ability to perform work as a general cashier, a greeter, and a hostess, and that there were a significant number of such jobs in the regional economy. (Tr. 20).

The administrative record in this case is 379 pages in length, primarily consisting of medical and vocational records. Cooney argues that the administrative law judge erred (1) when the administrative law judge failed at step three of the sequential evaluation process to find that Cooney met Listing 1.08, (2) when the administrative law judge failed to evaluate appropriately the credibility of Cooney, and (3) when the administrative law judge concluded that Cooney was capable of performing light work including pushing and pulling, and utilizing her right hand on an occasional basis for all ranges of manipulative activity including reaching, grasping, fingering and feeling.

This Court has thoroughly reviewed the record in this case and find no merit in Cooney's arguments. The administrative law judge did an adequate job of reviewing Cooney's vocational history and medical records in his decision. (Tr. 9-21). Furthermore, the brief submitted by the Commissioner thoroughly reviews the medical and vocational evidence in this case. (Doc. 9, Brief of Defendant).

10

Because the administrative law judge adequately reviewed the medical evidence in his decision we will only comment on a few items. As we mentioned earlier in this order, no physician indicated that Cooney suffered from functional limitations that would preclude her from engaging in the limited range of light work set by the administrative law judge in his decision of October 23, 2009.

The Social Security regulations require that an applicant for disability benefits come forward with medical evidence "showing that [the applicant] has an impairment(s) and how severe it is during the time [the applicant] say[s] [he or she is] disabled" and "showing how [the] impairment(s) affects [the applicant's] functioning during the time [the applicant] say[s] [he or she is] disabled." 20 C.F.R. §§ 404.1512(c) and 416.912(c). Cooney failed to provide such evidence. No treating physician provided a statement that Cooney met the requirements of Listing 1.08. Also, no treating physician offered an opinion as to how Cooney's impairments limited her functional capabilities or ability to work and the bare medical records do not support Cooney's claim of total disability, including her claim that she met Listing 1.08. 20 C.F.R., Part 404, Subpart P, Appendix 1.[12] Furthermore, Cooney has not proffered any such evidence.

Cooney argues that the administrative law judge's assessment of Cooney's residual functional capacity is inconsistent with Dr. Parmelee's findings. Dr. Parmelee found that Cooney was capable of light work, but would be limited on the right in pushing and pulling with the upper extremity and limited on the right with right-handed reaching, handling, fingering and feeling. (Tr. 306-307).

Dr. Parmelee did not specify the extent of the right-handed limitations and substantial evidence supports the administrative law judge's finding that Cooney would not be precluded

---

12. Listing 1.08 requires that a claimant have a soft tissue injury that is under continuing surgical management directed towards the salvage or restoration of a major function and such major function must not have been restored and must not be expected to be restored within twelve months.

11

from general pushing and pulling and occasionally using her right hand in manipulative tasks. (Tr. 306-308, 313 and 367). Dr. Parmelee observed that Cooney had full motor strength and Cooney's range of motion of her shoulder, elbow and wrists was only slightly reduced, e.g., forward elevation of the shoulder was reduced from 150° to 140°. (Tr. 308-309). Diagnostic studies, such as MRIs and nerve studies, only reveal mild conditions. (Tr. 367). The administrative law judge's residual functional capacity assessment more than accounts for Cooney's physical limitations.

Review of the administrative record reveals that the decision of the Commissioner is supported by substantial evidence. Therefore, pursuant to 42 U.S.C. § 405(g), this Court will affirm the decision of the Commissioner.

Dated: July 27, 2011

_United States District Judge_

## UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF PENNSYLVANIA

ALYSSA R. COONEY,                    :

       Plaintiff          :

                          :    No. 4:10-CV-01936

   v.                      :

                          :    (Judge Nealon)

MICHAEL J. ASTRUE, COMMISSIONER :
OF SOCIAL SECURITY,         :

       Defendant     :

## ORDER

**AND NOW**, THIS 27th DAY OF JULY, 2011, **IT IS HEREBY ORDERED THAT**:

1.    The Clerk of Court shall enter judgment in favor of the Commissioner and against Alyssa R. Cooney as set forth in the following paragraph.

2.    The decision of the Commissioner of Social Security denying Alyssa R. Cooney disability insurance benefits and supplemental security income benefits is affirmed.

3.    The Clerk of Court shall **CLOSE** this case.

                                   _____

                                   **United States District Judge**